# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:05-cr-00321-RCJ-PAL-1 |
| vs. | ) | |
| | ) | |
| MICHAEL WARREN REICH, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 23, 2007, the Court adjudicated Defendant Michael Reich guilty of one count of felon in possession of a firearm and sentenced him to ninety-eight (98) months imprisonment. On January 18, 2011, Defendant filed the present Motion to Modify Sentence (ECF No. 87). Defendant is serving concurrent state and federal sentences. He originally expected to be released from federal custody before his state sentence expired, but due to credits against his state sentence it now appears that his state sentence will expire first. He therefore asks the Court to reduce his federal sentence by 104 days to match the expected termination of his state sentence. As the United States correctly notes, however, the Court has no inherent power to reconsider criminal sentences. *United States v. Morales*, 328 F.3d 1202, 1204 (9th Cir. 2003). The Court may modify sentences under Rule 35(a) within fourteen(14) days of judgment, but the present motion is not timely under that rule, and in any case the rule does not permit discretionary reconsideration, but only corrections of clear technical or arithmetical error. Finally, even if considered as a habeas corpus petition under 28 U.S.C. § 2255, the one-year limitation under that statute ran before Defendant filed the present motion, *see id.* § 2255(f), and Defendant identifies

1  no error that would permit relief under that statute if such a petition were timely, *see id.*

2  § 2255(a).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Modify Sentence (ECF No. 87) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss Motion to Modify (ECF No. 88) is GRANTED.

IT IS SO ORDERED.

Dated this 6th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge